STATE OF NORTH CAROLINA v. KENNETH BLAKE WEATHERS

No. 7327SC634

(Filed 14 November 1973)

**Criminal Law § 161— assignment of error to entry of judgment — review**
　　Defendant's assignment of error to the entry of judgments presented only the question of whether or not an error of law appeared on the face of the record.

APPEAL by defendant from *McLean, Judge,* 5 February 1973 Session of Superior Court held in GASTON County.

On 11 May 1972 defendant entered a plea of guilty in Lincoln County Superior Court to two charges of operating an automobile without first obtaining a license (71CR5024 and 71CR5520); driving while under the influence of intoxicating liquor (71CR5520); and wilfully and wantonly damaging real property (72CR1290). Defendant was sentenced as a youthful offender to not more than two (2) years confinement. It was further ordered that defendant be given credit for the four (4) months he spent in jail prior to trial. Judge Martin suspended the sentence and placed defendant on probation for four (4) years provided, among other things, that defendant "[w]ork faithfully at suitable, gainful employment as far as possible and save his earnings above his reasonably necessary expenses; . . ." This order was modified on 6 September 1972 to prohibit defendant from changing "his place of employment without the written consent of the Probation Officer." The original order also required that defendant "not operate a motor vehicle on the public highway of North Carolina until he has been duly licensed to do so."

On 6 September 1972 defendant pleaded guilty in Lincoln County Superior Court to the crime of larceny of an automobile (71CR5225). Prayer for judgment was continued until the 1 January 1973 Session of Superior Court at which time Judge McLean ordered defendant imprisoned for four (4) years in the common jail of Lincoln County and assigned to work under the State Department of Correction. Sentence was suspended and defendant placed on probation for three (3) years subject to certain conditions, including the requirement that he "[w]ork faithfully at suitable, gainful employment as far as possible and save his earnings above his reasonably necessary expenses; . . ."

On 5 February 1973, Judge McLean revoked defendant's probation in consolidated cases 71CR5024, 71CR5520 and 72CR1290. The order included the following findings of fact:

"2. That the defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment as hereinafter set out:

(a) That on October 25, 1972 the defendant was employed by Hardees of Lincolnton and was discharged on November 3, 1972 for failing to work regular; that he was scheduled to go to work at Excel in Lincolnton on November 7, 1972 and failed to report for work; that he went to work for Clark Tire Company in Lincolnton on November 9, 1972 and was fired for excessive absence on January 2, 1973; that he was scheduled to begin work at Mohican Mill in Lincolnton on January 12, 1973 and failed to report for work; that he went to work at Burris in Lincolnton on January 17, 1973 and was fired on January 23, 1973 for excessive absence; that he went to work for Doug Caldwell on January 24, 1973 and was fired for taking his truck to South Carolina without permission and that after constant insistence by the probation officer he has failed and refuses to work regular even though he was able and capable of doing the jobs he had and the aforesaid failure of the defendant to work regular constitutes a violation of the condition of probation that he shall 'Work faithfully at suitable gainful employment as far as possible.' and the special condition of probation 'That he shall not change his place of employment without the written consent of the probation officer.'

(b)  That on January 24, 1973 he drove a truck belonging to Doug Caldwell of Lincolnton to York, S. C. and did not have a driver's license and that the aforesaid act is in violation of the condition of probation 'That he not operate a motor vehicle on the public highways of North Carolina until he has been duly licensed to do so.' "

On the same date, Judge McLean also entered an order revoking probation in case 71CR5225. The order contained the following findings of fact:

"2.  That the defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment as hereinafter set out:

That the defendant was to begin work at Mohican Mills in Lincolnton on January 12, 1973 and failed to report to work, that he went to work at Burris in Lincolnton on January 17, 1973 and was fired on January 23, 1973 for excessive absence, that he went to work for Doug Caldwell on January 24, 1973 and was fired for taking his truck to South Carolina without permission and that the only employment his probation officer approved was at Mohican Mill in Lincolnton and that the aforesaid action on the part of the defendant constitutes a violation of the special condition of probation 'That the defendant shall keep himself gainfully employed at all times and upon obtaining employment shall remain with that employment unless relieved from doing so by the probation officer.' "

Judge McLean entered judgment and commitment revoking probation and ordering that the sentences, previously suspended, be placed into effect. In each judgment the court concluded:

"From evidence presented, the Court finds as fact that within the specified period of suspension, the defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment."

As a result of his violation of the 11 May 1972 probation order, defendant was ordered imprisoned under the terms of the suspended sentence for not more than two (2) years. He was also imprisoned, pursuant to the 5 February 1972 suspended sentence, for a term of four (4) years. The sentences are to be served concurrently.

*Attorney General Robert Morgan by Ralph Moody, Special Counsel, for the State.*

*Thomas J. Wilson, P. A. for defendant appellant.*

VAUGHN, Judge.

Defendant's only assignment of error is to the entry of the judgments. Defendant concedes that the only question presented by his broadside exception is whether or not an error of law appears on the face of the record. We have examined the warrants and indictment under which defendant was charged and have found them adequate in form and sufficient to support the judgments. The record discloses that both Judge Martin and Judge McLean adequately and thoroughly examined defendant before accepting his pleas of guilty and determined that they were freely and understandingly entered. The order revoking probation contains findings of fact based on competent evidence which support the court's conclusion that defendant wilfully and without lawful excuse violated the terms and conditions of the probation judgment. No error appears on the face of the record. The judgment from which defendant appealed is affirmed.

Affirmed.

Judges HEDRICK and BALEY concur.